The Chief Justice

delivered the Opinion of the Court.
This is a case of bastardy, in which the putative father seeks to reverse an order of filiation. Several errors are assigned; some of which only will be specially noticed.
1. It was not, as urged here, erroneous to refuse, as the Court did, to compel the mother, on preliminary examination, to answer the general question—whether she felt interested in the event of the procedure. In such a case, the mother, being an indispensable witness, is therefore made legally competent by statute. And consequently, any interest a mother of a bastard child might happen to feel in convicting a particular man of being the father, must operate on her credibility and not on her competency.
Statements of the woman held sufficient to justify the conclusion that she was not married.
A continuance was asked on account of the absence of witnesses; but the evidence of one of them (if what the affidavit stated it would be) would have been entitled to but little, if any, influence; the others would merely impeach the principal witness; the case had been continued before, and it did not appear why the witnesses were not attached, nor that they would attend at the next term: no reversal for a refusal to grant the continuance.
Where there is reason to suspect that a continuance is moved merely for delay, the affidavit sho’d state (inter alia) that the attendance of the witness is expected at the next term.
2. Nor can we concur with the counsel for the plaintiff in error, in the opinion that there was no proof of the fact that the mother in this case was a single woman. It seems to us that, as she testified that she continued to live with her father, and never, in her life, had sexual intercourse with any other man than the plaintiff, the County Court had a right, in the absence of any suggestion to the contrary, to presume that she was unmarried.
3. The strongest ground presented for reversing the order of the County Court, is that involved in the refusal to continue the case.
But, on mature consideration, we are inclined to the conclusion that we ought not to reverse on this ground. Had the Protean witness, who changed his name and seemed to have no fixed residence, been in Court, and testified to what the plaintiff’s affidavit avers that he had told him (the plaintiff,) and that is, that he (the witness, ) had had illicit intercourse with the mother of the bastard, about the time of her impregnation, such testimony, by such a witness, should have been entitled to but slight, if any, influence. Besides, the affidavit does not suggest a belief that this witness would attend at the next term of the Court, or that he could then be even found; nor does it show why he was not found until after the case had been continued twice, on account of his absence; or that he had been so summoned as to have authorized an attachment against him.
The facts which the other absent witnesses might have proved, according to the affidavit, would only have tend ed, in some degree, to impeach the veracity of the mother in swearing, as she did, and as almost all witnesses in a similar condition, will ever swear, that the person charged with the paternity, had resorted to some duress, and was the only man who had ever enjoyed her embraces. And why these witnesses had not attended, or had not been attached is not intimated—nor is it suggested that they would probably attend at a future time. When there is any ground, as in this case, for suspecting a disposition to delay, the party seeking a continuance on account of an absent witness, should show, among other things, that he would expect the attendance of the wit *303 ness at the next term of the Court. 1 Chitty’s Crim. Law, 402. 3 Burr. 1514.
In the trial of a bastardy case the mother who, as usual, was the principal witness made statements as to matters not essential to the main fact, which if not palpably false, were highly improbable; but there was nothing proved inconsistent with her statement that the accused was the father of her child:—held that the decision of the county c’t.—before which the witnesses appeared—affording better means of judging of the whole case than the recital, probably imperfect, of the evidence in the record—should not be reversed, for that cause.
Believing that the testimony of the absent witnesses would have been entitled to but little effect, and would not have changed the judgment of the County Court; and feeling also that there was unexplained negligence, and a disposition to evade a full and fair investigation, we do not feel authorized to reverse the order of the County Court for refusing to continue the case.
4. Nor can we decide that the final order against the plaintiff, was unjust or unauthorized; for though there is intrinsic improbability in the mother’s testimony as to some of the accompanying circumstances of her first and (as she swore rather incredibly,) only conjunction with the plaintiff in error; yet nevertheless, no circumstance has been proved by the plaintiff, which is, in any degree, inconsistent with her asseveration that he begat the child: no want of either opportunity, disposition, or ability to have done it, has been proved or indicated by any established fact; nor is there in the record any reason for presuming that any other person was the father. Then, as the mother is, in such a case, necessarily the chief and often the only witness, it would, we think, be subversive of the policy of the statute to reverse the order of the County Court, merely because the testimony of the mother in this case is, in some circumstances, not essential to the main fact, improbable or even palpably false. The Justices of the County Court, acting, as they did, on their personal examination of the witnesses, and knowing probably of the accused and of the principal witness, should not be controlled in their sound discretion , and practical judgments, by this Court, upon an exhibition, probably meagre and imperfect, of the facts on which they decided — unless we could feel well assured that the rational probabilities preponderate against their conclusion. Such is not the case upon the facts presented in the record now before us.
Wherefore, the order sought to be set aside, must be approved and affirmed.